UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

LV Builders LLC,                    25-41278-KAC

                                                     Chapter 7 Case
          Debtor.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
RELIEF FROM AUTOMATIC STAY**

    Claimants and Movants, Tong Vang and Pajntsha Marylee Vang, file this Motion for Relief from the Automatic Stay so that they may continue to prosecute their state court claims against Debtor, LV Builders, LLC, as part of their claim from the Minnesota Contractor Recovery Fund under Minnesota Statute, § 326B.89. For the reasons set forth, the motion should be granted.

**INTRODUCTION**

    Tong Vang and Pajntsha Marylee Vang are husband and wife, and the owners of their home located at 1630 Brooks Avenue East, Maplewood, Minnesota 55109. On or about May 29, 2024, they engaged the services of Debtor, LV Builders, LLC, to extensively remodel their home. They paid Debtor not less than $75,000.00.

    In connection with Debtor's work, the Movants have incurred numerous problems. Debtor has failed to fully complete the construction services as agreed with the Movants. Instead, Movants contacted the City of Maplewood and learned that Debtor's contractor license was revoked. To date, Debtor has not returned any funds to the Movants. The

Movants' claims are the subject of a pending action in the District of Anoka County, Minnesota, captioned *Tong Vang and Pajntsha Marylee Vang v. LV Builders, LLC*; this lawsuit has not yet been filed in the District Court. Movants' claims against Debtor include breach of contract, unjust enrichment, breach of implied covenant of good faith and fair dealing, and promissory estoppel, negligence, and theft and are in excess of $50,000.00.

The Minnesota Department of Labor and Industry maintains a Contractor Recovery Fund, pursuant to Minnesota Statute § 326B.89, whose purpose is to compensate certain owners (or lessees) of residential real property in Minnesota who have suffered direct loss due to misconduct, including failure to perform, of a licensed residential contractor. The pending state court litigation between Movants and Debtor is at the pre-trial stage, and Movants seek relief from the automatic stay to continue the litigation, to liquidate their claims, so they may apply for and obtain compensation from the Minnesota Contractor Recovery Fund.

## DISCUSSION

Section 362(a)(1) of the Bankruptcy Code imposes a stay against the continuation of a judicial proceedings against a debtor or to recover a claim against the debtor that arose before the commencement of the bankruptcy case. 11 U.S.C. § 362(a)(1). Section 362(d)(1) of the Bankruptcy Code provides, however, that the Court shall grant relief from the automatic stay for "cause."

Cause is established through the court's consideration of the following factors: (1) The estate or debtor will not suffer "great prejudice" due to the non-bankruptcy court

proceedings; and (2) the "hardship" suffered by claimant is greater than the "hardship" of the debtor if the stay is modified. *See, e.g., In re Fowler* 259 B.R. 856, 860 (Bankr. E.D. Tex. 2001).

Movants seek relief from the stay to prosecute their state court claims against Debtor in its actions as a residential contractor. Movants have suffered direct and out-of-pocket loss due to the Debtor's activities and failure to perform. As such, Movants have recourse to the Minnesota Contractor Recovery Fund, administered by the Department of Labor and Industry, under Minnesota Statutes, § 326B.89.

To submit an application for recovery under the fund, a claimant must first have a "final judgment . . . against the licensee [contractor] on the grounds of fraudulent, deceptive, or dishonest practices, conversion of funds, or failure of performance that arose directly between the licensee and the homeowner . . . ." Minn. Stat. § 326B.89 subd. 6(3). Continuation of Movants' state court action to liquidate their claim and obtain a final judgment against debtor is necessary to apply for recovery from the Contractor Recovery Fund.

Debtor will not suffer "great prejudice" if relief is granted. It may choose to defend the action and any recovery arising out of the establishment of the amount of damages will come from the Contractor Recovery Fund, and not the Debtor.

Conversely, Movants will sustain hardship greater than any hardship imposed on the Debtor if the stay remains in effect. Movants' have sustained significant monetary damages since they have paid almost Seventy Thousand Dollars ($75,000.00) for unfinished work. As such, Movants have suffered financially and with Debtor's

bankruptcy filing, application to the Contractor Recovery Fund is Movants' only real source of compensation for their damages (excepting any dividend that is unknown and uncertain at this time, from Debtor's bankruptcy estate).

The instructions of the Minnesota Department of Labor and Industry on how to apply to the Contractor Recovery Fund specifically identifies the procedure if a contractor has filed for bankruptcy, stating "[y]ou will need to petition the Judge of Bankruptcy Court to lift the automatic stay, explain that your lawsuit is only to obtain compensation from the Fund and you will not be able to collect the judgment from the contractor directly." Dep't Lab. & Indus., *How to Apply to the Contractor Recover Fund* 4–5, https://www.dli.mn.gov/sites/default/files/pdf/rbc_recoveryfund_packet2.pdf. Such is the case here.

## CONCLUSION

For all the foregoing reasons, Movants, Tong Vang and Pajntsha Marylee Vang, respectfully request this Court to grant their Motion for Relief from the Automatic Stay to continue their state court action against Debtor and to apply for compensation from the Minnesota Contractor Recovery Fund.

                                            Respectfully submitted,

                                            DUDLEY AND SMITH, P.A.

Dated: May 7, 2025                  /s/ Nicholas D. Henry
                                            Nicholas D. Henry, Attorney at Law
                                            1295 Northland Drive, Suite 250
                                            Mendota Heights, MN 55120
                                            Telephone No. (651) 291-1717
                                            Attorney Registration No. 395850
                                            E-mail: nhenry@dudleyandsmith.com